IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | ) |
| Plaintiff, | ) C.A. No. _____ |
| v. | ) **JURY TRIAL DEMANDED** |
| KONTIKI, INC., | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Parallel Networks, LLC ("Parallel") files this Complaint for patent infringement against Defendant Kontiki, Inc. ("Kontiki" or "Defendant") and alleges as follows:

**PARTIES**

1. Plaintiff Parallel Networks, LLC is a Delaware limited liability company having its principal place of business at 1105 N. Market St., Suite 300, Wilmington, Delaware 19801.

2. On information and belief, Kontiki is a corporation organized under the laws of the State of Delaware, and has a principal place of business at 1001 W. Maude Ave., Sunnyvale, California 94085, and/or is conducting business through an affiliate located at this address.

**JURISDICTION AND VENUE**

3. This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et* seq. This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Kontiki makes, imports, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District,

that infringe one or more claims of United States Patent No. 7,188,145 entitled "METHOD AND SYSTEM FOR DYNAMIC DISTRIBUTED DATA CACHING" (the "'145 Patent").  The '145 Patent was duly and legally issued by the United States Patent and Trademark Office on March 6, 2007.  A true and correct copy of the '145 Patent is attached hereto as Exhibit 1.

5. On information and belief, Kontiki makes, imports, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of United States Patent No. 7,730,262 entitled "METHOD AND SYSTEM FOR DYNAMIC DISTRIBUTED DATA CACHING" (the "'262 Patent").  The '262 Patent was duly and legally issued by the United States Patent and Trademark Office on June 1, 2010.  A true and correct copy of the '262 Patent is attached hereto as Exhibit 2.

6. The '145 Patent and '262 Patent are collectively referred to herein as the "Asserted Patents."

7. On information and belief, Defendant Kontiki is engaged in the business of providing Peer-to-Peer ("P2P") distribution of digital data, including but not limited to live video and video-on-demand streaming.  On information and belief, Kontiki markets and sells its service in the United States, including within this District.

8. On information and belief, Kontiki directly and/or indirectly imports, manufactures, uses, offers for sale, and/or sells the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of the Asserted Patents.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

## GENERAL ALLEGATIONS

10. Parallel is the owner by assignment of all rights, title, and interests in the Asserted Patents, and is entitled to sue for past and future infringement thereof.

11. On information and belief, Kontiki is engaged in the business of providing digital content distribution services, and maintaining a system to provide such services, that include the Peer-to-Peer ("P2P") distribution of digital data, including but not limited to live video and video-on-demand streaming services (the "Accused Services"). For example, but not as a limitation, Kontiki provides the Accused Services using a system that it refers to as the Kontiki Enterprise Content Delivery Network ("ECDN") (ECDN and all similar systems are referred to herein as the "Accused Systems"). On information and belief, Kontiki customers access the Kontiki Accused Services through the use of a Kontiki application such as the Kontiki Delivery Management System ("DMS") (DMS and all similar applications are referred to herein as the "Accused Products")(the Accused Services, Accused Systems, and Accused Products are referred to herein as the "Accused Instrumentalities"). The Accused Instrumentalities provide a system for dynamic distributed data caching. By way of further example, and not as a limitation, the Accused Instrumentalities cache video data on the computers of Kontiki users. This cached video data is served to other Kontiki users in the peer-to-peer group through the Accused Instrumentalities.

12. On information and belief, the Accused Instrumentalities perform the distributed data caching described and claimed in the Asserted Patents. Kontiki has engaged in indirect infringement by its post-complaint conduct of providing its customers with the infringing Accused Instrumentalities in order to enable those customers to use the Kontiki service. By way of example, and not as a limitation, Kontiki induces and/or contributes to such infringement by at

least making its website available to customers and providing links and/or other directions on its website and/or the internet, such as at http://www.kontiki.com/services/customer-support/, for users to download and/or use the Accused Instrumentalities.  By way of further example, and not as a limitation, Kontiki offers the ability to sign up for a free trial of the Accused Instrumentalities through a Kontiki website such as at http://www.kontiki.com/forms/freetrial.html.  Kontiki engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activities induce customers to directly infringe the Asserted Patents.  In addition, or, in the alternative, Kontiki engages in such activities knowingly, and, at least from the time of receipt of the present Complaint, has sold or distributed the Accused Instrumentalities knowing that such Accused Instrumentalities are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Instrumentalities.  On information and belief, the Accused Instrumentalities cache video content on every client computer, and cause that cached video content to be shared among client computers via a peer-to-peer network.  Because this sharing of cached video content via the peer-to-peer network is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial non-infringing uses.

**FIRST CLAIM FOR RELIEF**
(Infringement of the '145 Patent)

13. Parallel incorporates paragraphs 1 through 12 as though fully set forth herein.

14. Upon information and belief, Defendant Kontiki has been and now is directly and/or indirectly infringing one or more claims of the '145 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions, (2) by actively inducing others to

use the patented inventions, or (3) by contributing to the use of the patented inventions in the United States.

15. More particularly, without limitation, Kontiki is now directly infringing one or more claims of the '145 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).

16. In addition and/or in the alternative, Kontiki has been and/or now is indirectly infringing one or more claims of the Asserted Patents by (1) inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b), and/or by (2) contributing to customers' direct infringement of one or more claims of the Asserted Patents by their use of the Accused Instrumentalities in violation of 35 U.S.C. § 271(c).

17. Parallel has been damaged by the infringing activities of Kontiki, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. Parallel does not have an adequate remedy at law.

18. By the filing of this action, Kontiki has been given actual notice of the existence of the '145 Patent. Despite such notice, Kontiki continues in acts of infringement without regard to the '145 Patent, and will likely continue to do so unless otherwise enjoined by this Court. Parallel is not seeking damages against Kontiki for indirect infringement for the period prior to the filing of this Complaint.

## SECOND CLAIM FOR RELIEF
(Infringement of the '262 Patent)

19. Parallel incorporates paragraphs 1 through 12 as though fully set forth herein.

20. Upon information and belief, Defendant Kontiki has been and now is directly and/or indirectly infringing one or more claims of the '262 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions, (2) by actively inducing others to use the patented inventions, or (3) by contributing to the use of the patented inventions in the United States.

21. More particularly, without limitation, Kontiki is now directly infringing one or more claims of the '262 Patent by making, importing, using, offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).

22. In addition and/or in the alternative, Kontiki has been and/or now is indirectly infringing one or more claims of the Asserted Patents by (1) inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b), and/or by (2) contributing to customers' direct infringement of one or more claims of the Asserted Patents by their use of the Accused Instrumentalities in violation of 35 U.S.C. § 271(c).

23. Parallel has been damaged by the infringing activities of Kontiki, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. Parallel does not have an adequate remedy at law.

24. By the filing of this action, Kontiki has been given actual notice of the existence of the '262 Patent.  Despite such notice, Kontiki continues in acts of infringement without regard to the '262 Patent, and will likely continue to do so unless otherwise enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Parallel requests the following relief:

(a) A judgment in favor of Parallel that Kontiki has directly infringed, and/or has indirectly infringed by way of inducement and/or contributory infringement, one or more claims of the Asserted Patents;

(b) A judgment that Parallel has been irreparably harmed by the infringing activities of Kontiki and is likely to continue to be irreparably harmed by Defendant's continued infringement;

(c) Preliminary and permanent injunctions prohibiting Kontiki and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Instrumentalities, from further infringement, direct and indirect, of the Asserted Patents;

(d) A judgment and order requiring Kontiki to pay Parallel damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements; and

(e) Any and all such further necessary or proper relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Parallel hereby demands a trial by jury of all issues so triable.

|  |  |
|---|---|
|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL | */s/ Monté T. Squire* |
|  | Adam W. Poff (No. 3990) |
| **BUETHER JOE & CARPENTER, LLC** | Monté T. Squire (No. 4764) |
| Brian A. Carpenter | Rodney Square |
| Eric W. Buether | 1000 North King Street |
| Christopher M. Joe | Wilmington, DE  19801 |
| Michael D. Ricketts | (302) 571-6600 |
| 1700 Pacific Avenue | *apoff@ycst.com* |
| Suite 4750 | *msquire@ycst.com* |
| Dallas, Texas 75201 |  |
| (214) 446-1273 | *Attorneys for Plaintiff Parallel Networks, LLC* |
| *Eric.Buether@BJCIPlaw.com* |  |
| *Brian.Carpenter@BJCIPlaw.com* |  |
| *Chris.Joe@BJCIPlaw.com* |  |
| *Mickey.Ricketts@BJCIPlaw.com* |  |

 Dated: May 21, 2013